**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ENJO CONTRACTING CO., INC., d/b/a Enjo Architectural Mill Work, Respondent.**

No. 04–1804.

United States Court of Appeals, Second Circuit.

May 19, 2005.

Steven B. Goldstein (Arthur F. Rosenfeld, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Robert J. Englehart, Supervising Attorney, on the brief), National Labor Relations Board, Washington, DC, for Petitioner.

Christopher A. Smith, Trivella, Forte & Smith, LLP, White Plains, NY, for Respondent.

Present: WALKER, Chief Judge, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the application for enforcement is **GRANTED.**

The National Labor Relations Board ("the Board") applies to this court for enforcement of its Decision and Order dated December 31, 2003. In that order, the Board affirmed all but one of the findings of the Administrative Law Judge ("ALJ") as to respondent Enjo Contracting Company's ("Enjo") unfair labor practices. Familiarity with the facts and procedural background is presumed. Enjo argues that substantial evidence does not support the Board's conclusion that anti-union animus motivated Walter J. Clayton's discharge, or the Board's conclusion that Enjo did not have a legitimate business reason for firing Clayton. Our review of the Board's order is "highly deferential," *Laro Maint. Corp. v. NLRB*, 56 F.3d 224, 228 (D.C.Cir.1995); *see also Kinney Drugs, Inc. v. NLRB*, 74 F.3d 1419, 1427 (2d Cir.1996), and "quite limited," *NLRB v. Katz's Delicatessen, Inc.*, 80 F.3d 755, 763 (2d Cir.1996). Because we find that the Board's factual conclusions were supported by "substantial evidence," 29 U.S.C. § 160(e), and because we accept the ALJ's credibility determinations unless they are "hopelessly incredible," *NLRB v. S.E. Nichols, Inc.*, 862 F.2d 952, 956 (2d Cir. 1988) (citation and internal quotation marks omitted), we affirm.

■ The Board's conclusion that anti-union animus motivated Clayton's discharge was supported by, *inter alia*, (1) Clayton's credited testimony that Joseph Autovino instructed him during his initial interview not to discuss the Union with other employees; (2) Clayton's credited testimony that Autovino knew that Clayton was a union member at the time of discharge because he discussed the issue during the interview; (3) the timing of the discharge; (4) Matthew Dauchand's credited testimony that Autovino held meetings with employees immediately after firing Clayton in which he discussed his disapproval of the Union and of Clayton; and (5) Enjo's failure to call as a witness the supervisor who could have testified as to Clayton's poor performance as grounds for his dismissal.

■ Similarly, the Board's rejection of Enjo's proffered legitimate business reasons was substantially supported by the record. In particular, it was reasonable for the Board to reject Enjo's claim that Clayton was fired due to his absence on Tuesday, May 15, 2001, because the ALJ credited Clayton's testimony that William Colandrea knew he might not come to work on that day. In addition, Clayton's 25–year work experience, the fact that Clayton was asked to work overtime, and Autovino's compliments to Clayton on his work undermine Enjo's effort to pin the discharge on Clayton's work performance. Finally, Enjo's failure to demonstrate that it learned of its failure to win any of its three bids during the period of Clayton's employment, along with the fact that employees continued to work overtime after Clayton was fired and that work did not drop off during that month, substantially support the Board's conclusion that lack of work was not the motivating factor behind Clayton's discharge.

Because Enjo has not challenged the Board's other findings, the Board is entitled to summary affirmance of those uncontested conclusions. *NLRB v. Springfield Hosp.*, 899 F.2d 1305, 1308 n. 1 (2d Cir.1990).

For the reasons set forth above, the application to enforce the Board's Order is hereby **GRANTED.**